UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH STOCKS | CIVIL ACTION NO. 3:07CV1844 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LOWES HOME CENTERS, INC. | MAGISTRATE JUDGE KAREN HAYES |

### MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT BY LOWE'S HOME CENTERS, INC.

#### I. UNDISPUTED MATERIAL FACTS

On the day of the accident at issue herein, plaintiff Kenneth Stocks was employed by Product Management Inc. ("PMI"), a vendor that had contracted with Lowe's Home Centers, Inc. ("Lowe's") to provide employees to assist in the setup of the Lowe's store prior to the opening. (Petition for Damages Doc. 1, Ex. A, Stocks Deposition page 32). He was assisted in this effort by Charles Many, who was retained as a "subcontractor" to work under Stocks. (Stocks deposition page 24, lines 19-21, page 36, lines 5-9). On the day of the accident Stocks and Many were supposed to stock mops and brooms on shelves inside the Lowe's store. The store was not yet opened to the public. (Stocks deposition, page 32, lines 10-15, page 33, line 20).

Stocks and Many arrived at the Lowe's store around 8:00 a.m. (Stocks deposition, page 69, line 18). They worked all day in the same area of the store – stocking shelves in the mops and brooms area. There were many people working on setup of the store, including people working on the aisle around them, stocking products before the store opened. Heavy equipment was being used for the store setup (Stocks deposition, page 73-74, Ex. B, Many deposition, page 22, lines 19-22). During the day, other workers began leaving empty wooden pallets on the floor at the

1

end of the aisle where Stocks and Many were working. This went on all day. (Stocks deposition, page 74, line 12, page 77, line 17). At various times during the day, someone would come and take some of the pallets away. (Stocks deposition, page 86, lines 11-20). At lunch time, Stocks and Many walked around the pallets to go to lunch. (Stocks deposition, page 88, lines 18, page 89, line 5). When they returned from lunch the pile of pallets was smaller. (Stocks deposition, page 89, lines 20-25). Toward the end of the day the pile of pallets started to grow again. In the last hour or so of the work day, Stocks and Many had to "go across pallets" or move them and stack them. (Stocks deposition, page 90, lines 14-17).

Stocks testified that, at the time the store was closing and they were ready to leave, he "started over the pallets" and fell. Stocks does not have any memory or knowledge of specifically what caused him to trip or fall. (Stocks deposition, page 103, lines 4-11, page 104, lines 22-24). It was Stocks's decision to walk across the pallets to leave the store. (Stocks deposition, page 102, lines 5-10). Charles Many also left the aisle, walking just ahead of Stocks. Mr. Many walked toward the door through the *space that was available between the stack of pallets and the corner of the aisle.* (Many deposition, pages 23-25).

The original Petition in this case was filed on April 12, 2007. (Doc. 1, Ex. A). Kenneth Stocks was the plaintiff. The Petition contains no allegations concerning Stocks's marital status, nor any reference to any damages related to marriage, such as loss of consortium. The case was removed to this Court on November 9, 2007. (Doc. 1). On February 27, 2008, a "First Supplemental and Amended Petition" (Doc. 15) was filed. That Petition purported to add Sharon Kay Stocks as a plaintiff, and alleged, for the first time, that both Kenneth Stocks and Sharon Stocks suffered damages as a result of the accident, including loss of consortium. (Doc. 15).

2

## II. <u>STOCKS CANNOT SUSTAIN HIS BURDEN OF PROOF</u>

The Lowe's store in question was not open on the day of this incident and Stocks was not a customer – he was a contractor working to set up the store. Therefore, there is a question about whether the "merchant statute," La. R. S. 9:2800.6, applies, or whether plaintiff's burden in this case is to prove that Lowe's is liable under general negligence principles. The merchant statute states that it applies to "persons" on the merchant's premises. R.S. 9:2800.6.A.,B. Some Louisiana courts have considered the issue of whether the statute should be applied in cases involving non-customers, such as delivery men. <u>Stewart vs. Winn Dixie Louisiana, Inc.</u> 686 So.2d 907 (La.App. 5 Cir.1996), fn.1. Almost all of the reported cases applying the statute are claims by *customers after the store is opened for business.* Some courts have stated that the statute is "meant to apply to customers falling in stores." <u>Littleton vs. Wal-Mart Stores, Inc.</u> 747 So.2d. 701 (La.App. 3 Cir.1999), <u>Jefferson vs. Costanzo</u>, 628 So.2d. 1158 (La.App. 2 Cir.1993). However, the resolution of the case does not depend on which standard of proof applies because Stocks cannot sustain the burden of proof under either.

Under both the merchant statute and general negligence principles, the plaintiff has the burden of proof that Lowe's had actual or constructive knowledge of an unreasonably dangerous condition on its premises, and that the unreasonably dangerous condition was the proximate cause of some injury or damage to the plaintiff. Stocks cannot sustain his burden of proof against Lowe's in this case for three reasons. First, the "condition" at issue - a stack of pallets during store setup – was not an unreasonably dangerous condition. Second, the pallets were not only open and obvious to any reasonable person, *Stocks actually saw them and willingly walked across them,* so he was perfectly aware of any risk associated with walking across them. At the time, Stocks had three alternatives to walking across the pallets: 1) follow Many and walk

3

through the space between the pallets and the corner of the aisle, 2) move a pallet to make a clear space, as he had done before, or 3) walk around the other end of the aisle. Finally, Stocks cannot prove that the pallets caused him to fall because he cannot say why he fell.

### A. The stack of pallets did not present an unreasonably dangerous condition.

On the day of this accident, the Lowe's store was not open to the public – it was being prepared for opening. Stocks and Many both testified that there was a significant amount of activity going on at the time. There were many employees stocking in and around them, and all through the store. Heavy machinery was being operated. Some products were being brought into the store on pallets. As the pallets were emptied, they were stacked near the aisle where Stocks was working. They were open and obvious to everyone, including Stocks. In fact, Stocks and Many themselves moved the pallets around. A pile of empty pallets in a perfectly open area, during the pre-opening setup of a large hardware and home supplies store, where the pile is not hidden and is open and obvious, clearly does not constitute an unreasonably dangerous condition.

Louisiana courts considering similar cases have held that workplace environments that might present certain obvious risks are not unreasonably dangerous to workers or personnel who are present because of work duties. For example, in Paul vs. Commercial Union Insurance Company, 535 So.2d. 1319 (La.App. 5 Cir.1988), the court held that a construction site that had been rained on the day before the accident, creating mud holes, did not present unreasonably dangerous condition to a worker who was delivering materials to the site for construction. The worker claimed that he was injured in a fall on the site. The plaintiff admitted that he was fully aware of the mud and water at the site and walked across the site voluntarily. The Fifth Circuit held as follows:

> After reviewing the record we hold that the trial court was correct. There is no showing that the mud and water at the site constituted an unreasonably dangerous condition to the plaintiff. The record attests to the fact that the plaintiff entered on the S&W construction site on his own accord and at the instruction of his employer. The plaintiff was fully aware of the condition of the construction site. He knew he could slip and lose his balance in the mud and water. He also knew that if he did slip there was danger of harm. These were obvious dangers, no more obvious to the defendant S&W, than to plaintiff. We are also of the opinion that when the plaintiff walked backward through the muddy construction site, not knowing whether there was mud holes or debris in his path, he was negligent and caused his own injury. Paul, at 1321.

In Montesino vs. Menard, 588 So.2d. 704 (La.App. 4 Cir.1991), the court held that a loading dock area of a grocery store where wet spots accumulated during a rainy day despite the grocery store's efforts to mop the floor on occasion during the day, did not present an unreasonably dangerous condition to a wholesale grocer who was delivering an order to the store and walking through the loading dock area.

In Greene vs. Catalytic Inc., 341 So.2d 1172 (La.App. 1 Cir.1977), the court held that, in a mechanic shop, an air hose laying on the floor in a walkway between benches did not present an unreasonably dangerous condition to a worker in the shop. As in this case, the plaintiff admitted that he knew that air hoses and other tools were sometimes laid in this area, *and admitted that he had seen the specific hose laying in that spot prior to the accident.*

### B. **Stocks actually observed and was aware of the pallets and chose to cross them.**

To the extent that the pallets presented any risk to Stocks, he was fully aware of the risk. He and Many had dealt with them all day and had walked over them, moved them and stacked them. Stocks would have followed many into the space beside the pallets, moved a pallet, or walked around the other end of the aisle. Nevertheless, he chose to walk across them to leave the

5

store. Merchants and premises owners are not liable for injuries that result from conditions on their property which should have been (or were) observed by an individual in the exercise of reasonable care. The degree to which a danger may be observed by a potential victim is a fact to be considered in the determination of whether the condition is unreasonably dangerous. Durmon v. Billings 873 So.2d, 872 (La.App. 2 Cir.5/12/04); Reed vs. Home Depot USA, Inc., 843 So2d. 588, 37,000 (La.App. 2 Cir.4/9/03); Hutchinson v. Knights of Columbus, Council #5747, 866 So.2d, 228, 2003-1533, (La. 2/20/04.). Williams v. Leonard Chabert Medical Center 744 So.2d, 206, 1998-1029, (La.App. 1 Cir. 9/26/99), rehearing denied, writ denied 754 So.2d 974, 2000-0011, (La. 2/18/00); Tucker v. American States Insurance, 747 So.2d 620, 31970,31971, (La.App. 2 Cir. 9/22/99). Solito v. Horseshoe Entertainment 834 So.2d 610, 36,667 (La.App. 2 Cir. 12/18/02); Gray v. State, 751 So.2d 760, 00-7 (La.App. 2 Cir. 5/17/00), rehearing denied, writ denied, 773 So.2d 146, 2000-2369 (La. 11/3/00).

Louisiana courts have also held that, in determining the reasonableness of an employee's activities which result in some injury to the employee, for the purpose of determining whether the employee is negligent or at fault for causing the injuries, the court should determine whether, when facing a known risk, the employee had other available and practical options to proceed. Joseph Broussard Rice Mill, Inc. 772 So.2d 94, 2000-0628 (La. 10/30/00); Feurtado v. Sepulvado Marine Corp. 751 So.2d 79, 1999-1510 (La.App. 4 Cir.1/12/00).

In this case, it is clear that Stocks did have at least three viable alternatives to exit the store, other walking across the pallets. First, he could have walked in the space through which Mr. Many walked. Second, he could have walked down the aisle and around the other end of the aisle to exit the store. Third, he could have moved a pallet to clear a path.

In deposition, Stocks suggested or argued that he had to walk across the pallets because

the store was closing. (Stocks Deposition, pages 94-95). His testimony on these issues was conclusory, not supported by facts, speculative, self-serving, and at times, somewhat absurd.[1] However, the **facts** admitted by Stocks and by Mr. Many make it clear that, at the time he chose to walk across the pallets, Stocks was not alone, or at risk to be locked in the store. Numerous employees (estimated at 75, including Mr. Many) were still in and around the store. There was a Lowe's employee (female manager) standing near the pallets. She was aware that Stocks and Many were leaving the store. She was watching Stocks walk across the pallets. (Stocks deposition, page 98, lines 9-10, page 99, lines 17-23, page 104-109, Many deposition, page 26-27).

Finally, and most importantly, Stocks does not know or remember whether, at the time he made the decision to walk across the pallets, he was actually thinking that he was going to be locked in; i.e., he cannot say that his choice to walk across the pallets was motivated by any sense of urgency. (Stocks deposition, page 107, line 13, page 108, line 19).

Stocks's conclusory and self-serving statement that crossing the pallets was necessary is not supported by facts and, therefore, is insufficient to create an issue of fact to preclude summary judgment. Conclusory allegations and statements are not competent evidence to defeat summary judgment. <u>Brown vs. Brown and Williamson Tobacco Corp.</u>, 79 S.3d 383 (5 Cir. 2007); <u>Turner vs. Baylor Richardson Medical Center</u>, 476 F.3d 3-7 (5 Cir. 2007). Unsubstantiated assertions, improbable inferences and unsupported speculation are not sufficient

---

[1] He first testified that, if he had not walked across the pallets, he "could have been" locked in the store all night. (Stocks deposition, page 95, lines 3-8). When asked what he would have done if he had actually been locked in, he testified that he would lay down on the floor and go to sleep. (Stocks deposition, page 97, lines 19-25). When asked if he had a cell phone that he could use to call someone to let him out, he testified that he did have a cell phone but the battery was dead (Stocks deposition, page 98, lines 2-5). When asked whether there was a store phone that he could have used to call someone, he testified that there was a phone, but he did not know whether it was working (Stocks deposition, page 98, line 8). When asked whether he could have knocked on the door and asked for help from people outside of the parking lot, he testified that he did not know (Stocks deposition, page 98, lines 15-22).

7

to defeat a motion for summary judgment. Brown vs. City of Ethan, Texas, 337 F.3d 539 (5 Cir.2003); Nuwer vs. Mariner Post-Acute Network, 332 F.3d 310 (5 Cir. 2003). Summary judgment is appropriate in any case where the evidence offered in opposition to the motion is so weak or tenuous that it could not support a judgment in favor of the nonmovant. Little vs. Liquid Air Corp., 37 F.3d 1069 (5 Cir. 1994). While courts may not assess credibility on summary judgment, if evidence is contradictory or implausible, it may be disregarded. Self-serving and contradictory testimony cannot defeat a motion for summary judgment by attempting to create a material issue of fact. Trans-Orient Marine Corp. v. Star Trading and Marine Inc. 925 F.2d 566 (2d. Cir.1991); Jeffreys v. Rossi, 275 F.Supp.2d 463 (S.D.N.Y. 2003).

### C. Stocks does not know what caused him to fall.

Stocks has no recollection or knowledge about what caused him to fall. He was walking across the pallets at the time, but cannot say what caused him to trip and/or fall.

The plaintiff bears the burden of proof on the issue on causation, i.e. whether the allegedly dangerous condition caused the fall and claimed injuries. Louisiana courts that have considered factually similar cases (where there is a dispute over the existence of an unreasonably dangerous condition, and the plaintiff testifies that he or she is unsure of the cause of the fall) have held that such testimony is insufficient to sustain the burden of proof on causation. Odom vs. Colonel Sanders Kentucky Fried Chicken, 636 So.2d. 1027, 93-1084 (La.App. 1 Cir.4/8/94); Estes vs. The Kroger Company, 556 So.2d. 240 (La.App. 2 Cir.1/24/1990); Adger vs. Dillard Department Stores, Inc., 662 So.2d. 864, 27, 582 (La.App. 2 Cir.11/1/95); Castille vs. Great Atlantic and Pacific Tea Company, 591 So.2d. 1299 (La.App. 3 Cir.12/18/1991).

There is no proof that the pallets themselves actually caused Stocks to fall, so Stocks cannot sustain this burden of proof at trial.

## III. THE CLAIM OF SHARON STOCKS IS PRESCRIBED

Sharon Stocks was not a plaintiff at the time this suit was filed. The original Petition contained no allegations concerning Kenneth Stocks's marital status, nor any reference to any damages related to marriage, such as loss of consortium. Ms. Stocks appeared as a plaintiff for the first time in the First Supplemental and Amended Petition, which was filed after prescription had run.

Under these circumstances, Louisiana courts have uniformly held that amended petitions which purport to add a spouse as a party for purposes of a consortium claim, after prescription has run, do not relate back to the filing of the original petition for prescription purposes, and are, therefore, prescribed. Musgrove vs. Glenwood Regional Medical Center, 855 So.2d. 984, 37, 575 (La.App. 2 Cir.9/26/03); Phillips vs. Palumbo, 94-1323, 648 So.2d. 40 (La.App. 4 Cir.12/15/94); Morton vs. Ray, 611 So.2d. 841, 91-2663 (La.App. 4 Cir.12/29/92); Faraldo vs. Hanover Insurance Co., 600 So.2d. 81 (La.App. 4 Cir.1992); Poirier vs. Browning Ferris Industries, 517 So.2d. 998 (La.App. 3 Cir.1987); Wood vs. Hayes, 524 So.2d. 241 (La.App. 5 Cir.1988).

## IV. CONCLUSION

There are no material facts in dispute. Plaintiff Kenneth Stocks cannot sustain his burden of proof at trial and the claim of Sharon Stocks is prescribed. Lowe's is entitled to judgment as a matter of law. This motion for summary judgment should be granted, and the claims of plaintiffs Kenneth Stocks and Sharon Stocks and Intervenor Employers Insurance Company of Wausau should be dismissed with prejudice.

Respectfully submitted,

s/Donald Armand, Jr.
La. Bar No. 17444

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.
400 Texas Street, Suite 400
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Telephone: (318) 221-1800
Facsimile: (318) 226-0390
Email:    darmand@padwbc.com
Attorneys for Lowe's Home Centers, Inc.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH STOCKS | CIVIL ACTION NO. 3:07CV1844 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LOWES HOME CENTERS, INC. | MAGISTRATE JUDGE KAREN HAYES |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 19, 2009, a copy of the foregoing Motion for Summary Judgment on behalf of LOWE'S HOME CENTER, INC., was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Mr. Donald L. Kneipp and Mr. Scott B. Kiefer by operation of the court's electronic filing system

Respectfully submitted,

s/Donald Armand, Jr.
La. Bar No. 17444

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, LLP
400 Texas Street, Suite 400
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Telephone:   (318) 221-1800
Facsimile:   (318) 226-0390
Email:       darmand@padwbc.com
Attorneys for Lowe's Home Centers, Inc.