UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH STOCKS | CIVIL ACTION NO. 3:07CV1844 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LOWES HOME CENTERS, INC. | MAGISTRATE JUDGE KAREN HAYES |

**RESPONSE OF LOWE'S HOME CENTERS, INC. TO OBJECTIONS
TO MAGISTRATE'S REPORT AND RECOMMENDATION**

MAY IT PLEASE THE COURT:

For the sake of brevity, Lowe's Home Centers, Inc., ("Lowe's"), focuses this memorandum on the central holding of the Report and Recommendation of Magistrate Judge Hayes, i.e., that Lowe's did not breach any duty to Kenneth Stocks. All other matters raised by plaintiffs' and intervenor's objections were fully briefed in Lowe's original memorandum and those arguments are incorporated by reference.

As noted by the Magistrate Judge, Louisiana substantive law controls the liability issues and federal procedural law provides the standard of review to be applied to this motion for summary judgment under Rule 56. *Hanna v. Plumer*, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); *Phillips Oil Co. v. OKC Corp.*, 812 F.2d 265 (5th Cir. 1987).

The Magistrate correctly held that summary judgment is appropriate under Rule 56 because the undisputed material facts are: 1) the stack of pallets was open and obvious and 2) Kenneth Stocks fully understood any risks presented by the pallets but chose to walk across them when he had safer, viable alternatives. The Magistrate correctly noted the undisputed facts that support this conclusion. The stack of pallets had obvious utility. This stack was temporary – the

1

pallets were collected in this central, open area – where the stack was open and obvious, then periodically removed. (Doc. 45, R&R, pages 10-11.) Stocks knew, all day, that pallets were being stacked near his work area. (Stocks Deposition, page 76). He watched the stack increase and decrease in size. (Stocks Deposition, pages 89 and 90). He chose a route over the pallets to leave the store even though he knew that this was **not** his only means of exit (Stocks dep. exhibit.). In addition, he was no novice in working in this type of work environment, having done so for three years (Stocks dep. p. 19, 20).

Federal courts applying the Rule 56 standard have routinely found summary judgment to be appropriate under similar scenarios. In *Kroger v. Allen*, 2005 WL 2180492 (W.D. La.), (cited by the Magistrate Judge), this Court applied Louisiana law to hold that a plainly visible stocking cart in the middle of a store aisle, of which a plaintiff was admittedly aware, was an open and obvious situation that made summary judgment appropriate. In *Irwin v. United States Military Sealift Command*, 88 Fed.Appx. 10, 2004 WL 232885 (C.A.5(La.), the Fifth Circuit (applying the same tort principles in admiralty law) held that a worker who knowingly stepped on grease on a hatch cover could not defeat summary judgment. In *Meyers v. M/V Eugenio C*, 919 F.2d 1070 (5th Cir. 1990), the Fifth Circuit held that an experienced barge pilot who was injured when he voluntarily boarded a vessel in rough seas could not defeat a summary judgment motion. In *Clay v. Daiichi Shipping*, 74 F. Supp. 2d 665 (E.D. La. 1999), the Court held that loose steel pipes that were the mechanism of the plaintiff's injury, were nevertheless open and obvious, supporting summary judgment for the defendant.

Louisiana caselaw on this substantive issue is consistent with federal jurisprudence. (See all cases cited in Lowe's original memorandum, pages 4-6.) Also, in *Stone v. Hebert*, 99-1394, 762 So.2d 220 (La. App. 5 Cir. 5/17/00), the Louisiana court found that an exposed pipe in an

attic which the plaintiff admitted that she had seen before she tripped over it was an open and obvious and therefore did not present an unreasonable risk of harm, thus allowing the defendant to prevail on a motion for summary judgment. In *Robertson v. State*, 747 So.2d 1276, 32,309 (La. App. 2 Cir. 12/10/99), *cert. denied*, which was also cited in the Magistrate's Report and Recommendation, summary judgment was deemed appropriate to dismiss the suit brought by the parents of a deceased student who unnecessarily and voluntarily climbed to the top of a university campus building and fell to his death after he reached the top. As the appellate court stated in that case:

> "Since the danger posed from falling off a roof (that is not intended as a recreational or viewing area) is obvious to all, the roof was not unreasonably dangerous. As such, the defendant owed no duty to prevent Edward [Trey] from climbing onto the roof and, thus the State has no liability to Edward under a negligence theory.' (*Supra* at 1279).

The propriety of summary judgment in this case is even more compelling because, like the bar pilot in *Meyers, supra.*, the plaintiff was experienced in the work that he was doing. As the Magistrate Judge found:

> "The potential hazard faced by anyone attempting to cross a pile of pallets was open and obvious to a worker like the plaintiff who unloads products from pallets for a living." (Report and Recommendation, p. 12).

### *PRESCRIPTION ISSUE*

Lowe's wishes to briefly address the prescription issue in the lost consortium claim of plaintiff Sharon Kay Stocks. The Magistrate Judge correctly determined that since the principal claim should be dismissed, any consideration of the prescription issue on the derivative lost consortium claim would be moot. However, she did write a lengthy footnote in her report to the effect that if she had been required to consider the prescription claim, she would have denied it. Lowe's feels compelled to address this *dictum*.

The Magistrate's Report and Recommendation contains the following statement:

> "A cause of action for loss of consortium does not accrue until 'a plaintiff suffers actual loss of consortium, which as been held to occur at the time an injured party's condition deteriorates to such an extent that his family is actually deprived of his consortium, service or society.'" (Magistrate's Report and Recommendation, fn.11).

The cases cited in the Report and Recommendation deal primarily with plaintiffs suffering with progressive diseases. The courts in those cases held that, because the diagnosis of the condition can precede its debilitating effects, prescription on the lost consortium claim will not begin to toll until the condition of the principal plaintiff deteriorates to the extent that consortium is actually lost.

That rationale does not apply in this case. Stocks alleges immediate and obvious injury. The amended complaint that adds Sharon Stocks as a plaintiff alleges:

> "Plaintiff KENNETH STOCKS suffered damage to his right arm and left knee, including a chipped elbow. Plaintiffs KENNETH STOCKS and SHARON KAY STOCKS also suffered general damages, including but not limited to, pain and suffering, emotional pain and suffering, loss of consortium and mental anguish." (Plaintiff's First Supplemental and Amending Petition, Paragraph 2)

By plaintiff Kenneth Stocks' own admission, his damages allegedly arose *immediately* upon the occurrence of the accident. Under these circumstances, Louisiana courts have uniformly held that amended petitions which purport to add a spouse as a party for purposes of a consortium claim, after prescription has run, do not relate back to the filing of the original petition for prescription purposes, and are, therefore, prescribed. *Musgrove vs. Glenwood Regional Medical Center*, 855 So.2d. 984, 37, 575 (La.App. 2 Cir.9/26/03); *Phillips vs. Palumbo*, 94-1323, 648 So.2d. 40 (La.App. 4 Cir.12/15/94); *Morton vs. Ray*, 611 So.2d. 841, 91-2663 (La.App. 4 Cir.12/29/92); *Faraldo vs. Hanover Insurance Co.*, 600 So.2d. 81 (La.App. 4 Cir.1992); *Poirier vs. Browning Ferris Industries*, 517 So.2d. 998 (La.App. 3 Cir.1987); *Wood vs. Hayes*, 524 So.2d. 241 (La.App. 5 Cir.1988).

4

In *Faraldo, supra*, the plaintiff was injured when a metal plate fell and struck him in the head. While he filed suit within a year of the accident, his wife's lost consortium claim was added after that year had passed. The court found that the filing of the lost consortium claim was untimely and dismissed it, stating:

> "All references to the accident are in a context indicating that Mrs. Faraldo suffered her loss immediately following or soon after the accident occurred." (*Supra* at 83).

The allegations this case also made it clear that the lost consortium claim arose at the time of the physical injuries to plaintiff Kenneth Stocks. In the unlikely event that this Court does not adopt the Magistrate Judge's Report and Recommendation on the principal claim, then the lost consortium of Ms. Stocks should nevertheless be dismissed.

## *CONCLUSION*

The law of this circuit, and federal courts in general, is clear that summary judgment is appropriate in any case where the evidence offered in opposition to the motion is so weak or tenuous that it could not support a judgment in favor of the non-movant. *Little vs. Liquid Air Corp.*, 37 F.3d 1069 (5 Cir. 1994). In other words, if the evidence asserted in opposition to the motion would keep the case from a jury on a JMOL, this same evidence would be insufficient to defeat summary judgment. Under this standard, the plaintiff's voluntary encounter with an open and obvious situation in an environment with which he was well familiar supports summary judgment in favor of Lowe's.

Respectfully submitted,

s/Donald Armand, Jr.--TA
La. Bar No. 17444
Jerald L. Perlman
La. Bar. No. 8602

5

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, L.L.P.
400 Texas Street, Suite 400
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Telephone: (318) 221-1800
Facsimile: (318) 226-0390
Email: darmand@padwbc.com
Attorneys for Lowe's Home Centers, Inc.

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH STOCKS | CIVIL ACTION NO. 3:07CV1844 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LOWES HOME CENTERS, INC. | MAGISTRATE JUDGE KAREN HAYES |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 25th, 2009, a copy of the foregoing on behalf of LOWE'S HOME CENTER, INC., was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to Mr. Donald L. Kneipp and Mr. Scott B. Kiefer by operation of the court's electronic filing system.

Respectfully submitted,

s/Donald Armand, Jr.
La. Bar No. 17444

PETTIETTE, ARMAND, DUNKELMAN,
WOODLEY, BYRD & CROMWELL, LLP
400 Texas Street, Suite 400
Post Office Box 1786
Shreveport, Louisiana 71166-1786
Telephone:   (318) 221-1800
Facsimile:   (318) 226-0390
Email:       darmand@padwbc.com
Attorneys for Lowe's Home Centers, Inc.